UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JERMEL JONES,

        Plaintiff,

v.                                                    Case No. 18-C-445

CO SENKEY,

        Defendant.

---

## SCREENING ORDER

---

The plaintiff, who is currently serving a state prison sentence at Waupun Correctional Institution and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on Plaintiff's motion for leave to proceed without prepaying the full filing fee.

### MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

Plaintiff is required to pay the $350.00 statutory filing fee for this action. *See* 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he can request leave to proceed without prepayment of the full filing fee. Plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2). Plaintiff lacks the funds to pay the partial filing fee. Therefore, the court waives the initial partial filing fee. 28 U.S.C. § 1915(b)(4).

### SCREENING OF THE COMPLAINT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain sufficient factual matter "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court accepts the factual allegations as true and liberally construes them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Nevertheless, the complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

### ALLEGATIONS OF THE COMPLAINT

Plaintiff alleges that on December 25, 2017, he was in his cell when he told Defendant, a correctional officer, that he intended to cut himself with a spoon. When Defendant asked why, Plaintiff alleges he told Defendant he was upset about being kept on control status. Defendant allegedly then asked for the spoon, but Plaintiff states that he told Defendant he wanted to talk to a supervisor. In response, Defendant allegedly threatened to use pepper spray, but Plaintiff alleges that he responded by telling Defendant that he has asthma and, in any event, that Defendant was not permitted to use pepper spray because Plaintiff was not actually cutting himself. Plaintiff alleges that

2

Defendant then walked away and returned with a large can of pepper spray, which he allegedly used to spray Plaintiff in the face through his cell's food trap. As a result of being sprayed, Plaintiff alleges that he had an asthma attack and had to be taken to the hospital by ambulance. He alleges that he remained in the hospital until December 27, 2017. Finally, he alleges that he reviewed his medical file on January 12, 2018, and confirmed the existence of a note advising the security staff not to spray him due to contraindications for incapacitating agents.

## THE COURT'S ANALYSIS

Claims for excessive force fall under the Eighth Amendment's prohibition on cruel and unusual punishment, which bars "unnecessary and wanton infliction of pain," particularly when "totally without penological justification." *Hope v. Pelzer*, 536 U.S. 730, 737 (2001). Specifically, the inquiry in claims involving allegations of excessive force by prison officials against an inmate is whether the prison official inflicted an injury "maliciously and sadistically for the very purpose of causing harm." *See Hudson v. McMillian*, 503 U.S. 1, 6 (1992); *Whitley v. Albers*, 475 U.S. 312 (1986). Thus, the infliction of even a relatively minor or de minimis injury can constitute a violation of the Eighth Amendment's prohibition of "cruel and unusual" punishment if it is done maliciously. *Hudson*, 503 U.S. at 9 ("When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated. . . . This is true whether or not significant injury is evident.").

This subjective standard for excessive force claims makes it difficult to rule out Eight Amendment excessive force claims at the screening phase, particularly in light of the liberality with which the court must construe Plaintiff's complaint. Here, Plaintiff alleges that Defendant sprayed him with an incapacitating agent despite a warning from Plaintiff and a note in Plaintiff's medical file

indicating that doing so could harm Plaintiff due to his asthma. The court therefore concludes that Plaintiff may proceed against Defendant on this excessive force claim.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to pay the initial partial filing fee from his release account (ECF No. 4) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of plaintiff's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on the state defendants.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, the defendants shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the agency having custody of the prisoner shall collect from his institution trust account the $350.00 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If the plaintiff is transferred to another institution, the transferring institution shall forward a copy of this Order along with plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is confined.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Program, the plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is in effect at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility. If the plaintiff is no longer incarcerated at a Prisoner E-Filing Program institution, he will be required to submit all correspondence and legal material to:

> Honorable William C. Griesbach
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 125 S. Jefferson Street, Suite 102
> Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal

rights of the parties. Therefore, failure to provide your correct address could result in dismissal of your case for failure to prosecute.

Dated at Green Bay, Wisconsin this <u>21st</u> day of March, 2018.

<u>s/ William C. Griesbach</u>
William C. Griesbach, Chief Judge
United States District Court