UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JERMEL JONES,

        Plaintiff,

v.                                                       Case No. 18-C-445

JOEL SANKEY,

        Defendant.

## ORDER

Plaintiff Jermel Jones, an inmate currently serving a state prison sentence at Waupun Correctional Institution and representing himself, filed this action under 42 U.S.C. § 1983, alleging that Defendant Joel Sankey violated his civil rights by using excessive force against him in the form of an incapacitating agent. On July 23, 2018, Jones filed a motion for summary judgment. ECF No. 23. This matter now comes before the court on Jones' motion to subpoena correctional officers involved in the alleged incident and for an extension of time to conduct discovery (ECF No. 28), Sankey's motion for an extension of time to respond to Jones' motion for summary judgment (ECF No. 29), and Jones' second motion to appoint counsel (ECF No. 30). Jones' motion to subpoena will be granted-in-part and denied-in-part, Sankey's motion will be granted, and Jones' motion to appoint counsel will be denied without prejudice.

Jones' first motion explains that he seeks an order from the court issuing subpoenas to Officer Leapold and Officer Sonntag so that he can conduct depositions of them regarding their actions on the day of the alleged incident. ECF No. 28. He also seeks a 30-day extension of the August 16, 2018, discovery deadline. *Id.* Federal Rule of Civil Procedure 30(a)(1) provides that

"[a] party may, by oral questions, depose any person, including a party, without leave of court except" under circumstances that do not apply here. Although Rule 30(a)(1) goes on to provide that a "deponent's attendance may be compelled by subpoena under Rule 45," Rule 30(b) permits a party to conduct a deposition merely by giving reasonable notice to the other party regarding the time, place, and method of the deposition, among other requirements—without resort to the compulsory attendance that subpoenas impose.

Under Rule 30(b), Jones does not need a court order to conduct depositions. But Jones does not inform the court whether he has given notice of the requested depositions to Sankey's counsel, nor does he indicate whether he has otherwise attempted to confer with Sankey's counsel regarding his desire to take these depositions. *Cf.* Civil L.R. 37 (E.D. Wis.). Absent some indication that communication with Sankey's counsel and use of non-compulsory notice of deposition procedures have been insufficient to obtain the depositions that Jones seeks, the court will deny his motion and decline to direct the Clerk to issue subpoenas to him at this time. The court notes, however, that to conduct depositions Jones must give notice to the individuals he seeks to depose and must arrange for an oath-administering officer and stenographer to be present at the deposition and pay for their services. *See* Fed. R. Civ. P. 30(a)(1). In addition, as the party noticing the deposition, Jones would be responsible for *all* costs associated with holding the deposition. Fed. R. Civ. P. 30(b)(3)(A). The court is not authorized to waive these costs, even for individuals proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915(a).

Jones' request for a 30-day extension of the discovery deadline will, however, be granted to permit him to make arrangements with Sankey's counsel to conduct the depositions he desires. The discovery deadline will therefore be extended to September 17, 2018. Due to that extension of the

discovery deadline, the court will also extend the dispositive motion deadline from September 17, 2018, to October 17, 2018.

Sankey has moved for an extension of time to respond to Jones' motion for summary judgment. ECF No. 29. Jones filed his motion for summary judgment on July 23, 2018, and Sankey's response is therefore due on August 24, 2018. Civil L.R. 56(b)(2) (E.D. Wis.). Sankey seeks an extension of time until the September 17, 2018 dispositive motion deadline to file his response. He explains that the extension would allow him to combine his response with his own motion for summary judgment, and he notes that the extra time will allow him to conduct sufficient discovery to respond to the motion. A short extension of time allowing a combined brief from Sankey to at once respond to Jones' motion and move for summary judgment seems likely to encourage efficient resolution of this case. Sankey's motion will therefore be granted, and his time to respond to Jones' motion for summary judgment will be extended to October 17, 2018, the new dispositive motion deadline.

Finally, Jones has also filed his second motion to appoint counsel. ECF No. 30. The court denied Jones' first motion on July 13, 2018, noting that Jones appears capable of representing himself and that this case is not unusually complex. ECF No. 19. Jones now contends that circumstances have changed in two ways that warrant reconsideration of the court's appointment decision: (1) he wrote letters to three attorneys on July 6, 2018, in an effort to obtain representation, but none of them have responded to him, and (2) he wants to take the deposition of three non-defendants. ECF No. 30 at 1–2. Even assuming that mailing three letters to attorneys constitutes a reasonable effort to obtain representation, Jones' desire to conduct depositions does not increase the complexity of the case in a manner that necessitates the recruitment of counsel to represent him. As noted above, conducting depositions involves sending a written notice to the individual who will

undergo the deposition, making arrangements for an oath-administering officer and stenographer to attend, and then actually asking the witness questions under oath. Those tasks are not beyond the capabilities of an incarcerated individual. Jones' motion to appoint counsel will therefore be denied, although the denial will be without prejudice and the court will be willing to reconsider its decision if circumstances in this case change.

**IT IS THEREFORE ORDERED** that Jones' motion for issuance of subpoenas and an extension of time (ECF No. 28) is **GRANTED-IN-PART** and **DENIED-IN-PART**. The discovery deadline is extended to September 17, 2018, and the dispositive motion deadline is extended to October 17, 2018.

**IT IS FURTHER ORDERED** that Sankey's motion for an extension of time to respond to Jones' summary judgment motion (ECF No. 29) is **GRANTED**. Sankey may file his response to Jones' motion for summary judgment with his own motion for summary judgment no later than October 17, 2018.

**IT IS FURTHER ORDERED** that Jones' motion to appoint counsel (ECF No. 30) is **DENIED** without prejudice.

Dated this 31st day of July, 2018.

s/ William C. Griesbach  
William C. Griesbach, Chief Judge  
United States District Court