UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JERMEL JONES,

        Plaintiff,

v.                                           Case No. 18-C-445

JOEL SANKEY,

        Defendant.

## ORDER

Plaintiff Jermel Jones, an inmate currently serving a state prison sentence at Waupun Correctional Institution and representing himself, filed this action under 42 U.S.C. § 1983, alleging that Defendant Joel Sankey violated his civil rights by using excessive force against him in the form of an incapacitating agent. This matter comes before the court on two discovery motions that Jones has filed. The first seeks an order compelling Sankey to respond to Jones' interrogatories and requests for production of documents. ECF No. 31. The second seeks an order compelling the deposition of three individuals, as well as an extension of the discovery deadline. ECF No. 32. At the outset, that second motion will be denied as moot because the court recently entered an order denying Jones' request for subpoenas, explaining the procedure he must follow to conduct depositions, and granting extensions of the discovery and dispositive motion deadlines. ECF No. 33.

Jones' motion to compel a responses to his interrogatories and requests for production of documents states that he submitted his requests by mail on June 21, 2018. ECF No. 31. The Federal Rules of Civil Procedure state that a party must respond within 30 days of being served with interrogatories and requests for production of documents. Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A).

Although Rule 37 does permit a party to file a motion to compel responses to discovery requests, Civil Local Rule 37 provides that any motion to compel must include a written certification that the parties are unable to resolve any dispute "after the movant in good faith has conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." The local rule further requires that "[t]he statement must recite the date and time of the conference or conferences and the names of all parties participating in the conference or conferences."

Jones states that he sent a follow-up letter to Sankey's counsel inquiring about the delay in responding to his discovery requests and that he has not yet received a response. But Jones does not even identify the date on which he sent that letter. Moreover, it is not clear that Sankey has failed to timely respond to Jones' discovery requests. Under Rules 33 and 34, the time for a party to respond to a discovery request begins to run at the time that the party is *served* with the request. Given that mail often takes multiple days to travel through the United States Postal Service and that security procedures in prisons often further delay the sending and receipt of mail, Sankey's counsel likely was not served with Jones' discovery requests until several days after Jones mailed them on June 21. Likewise, even a timely response by Sankey's counsel would also presumably take several days to reach Jones through the mail.

Because the court therefore lacks the information necessary to determine whether Jones' efforts to contact Sankey's counsel reflect a good faith effort to address his concerns about the discovery response, his motion will be denied. However, the court recognizes that Jones' incarceration necessarily limits his ability to communicate effectively with Sankey's counsel as required by the local rules. Sankey's counsel is therefore directed to contact Jones for the purpose

of addressing Jones' discovery concerns. Sankey's counsel is further directed to notify the court once Jones' discovery concerns have been addressed.

**IT IS THEREFORE ORDERED** that Jones' motion to compel depositions and for an extension of the discovery deadline (ECF No. 32) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Jones' motion to compel answers to interrogatories (ECF No. 31) is **DENIED**.

**IT IS FURTHER ORDERED** that Sankey's counsel shall contact Jones to discuss Jones' discovery concerns and shall notify the court after those concerns are addressed.

Dated this 1st day of August, 2018.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court
